Good morning. My name is Scott Kramer. I represent the appellate Mr. Frias. May it please the court. Mr. Frias is a California state prisoner since 1995. In 2004, he was a teacher's aide and was receiving good reports at the High Desert State Prison. In May of 2005, he was assigned to the Security Housing Unit at another state prison when he was invalidated as associated gang member. Today, Mr. Frias questions his validation in the court where he represented himself. He called two witnesses. He testified. He helped select the jury. He repeatedly, during the trial, asked for an attorney to help represent himself. And after he closed, the judge awarded a motion for summary judgment. The pretrial order focuses on four disputed factual issues. I would like to address two of those factual issues today. One disputed factual issue is the right to be heard with respect that he was an associated prison gang member. And the second one is the opportunity, independent of the defendant, Marshall, to rebut the charge that he was associate of a gang, the right to rebut and the right to be heard. We believe that the jury should have heard the evidence to rebut the charges and about Mr. Frias' right to be heard. The pretrial order lists eight items that were the source of Mr. Frias' gang association. However, as the trial record reflects, they were not reliable. Well, there is some confusion in the briefing, so maybe you can help me. I understood that his claim was he didn't have a right to be heard, which is basically a procedural due process claim. Am I right on that? Yes, Your Honor. Okay. So, in fact, he was given the opportunity to state his position, correct? To state his position? He he Well, I mean, tell me yes or no if I'm right or wrong or what's wrong with that. No. He wasn't? I do not believe he was given a full opportunity to state his position. During the trial, the eight items that were the source of his validation, he contested. That's not the point, though. That's a more of a substantive question. I mean, in other words, there's the merits, but his real claim, at least as he made it below and as the trial court laid it out on the four issues, did he get a chance to be heard on these points, not whether or not he was right or wrong or whether the evidence was strong enough. That some evidence issue, near as I could tell, wasn't really raised as a procedural due process issue. So my question is, did he get a right to state what he why he thought he shouldn't be validated? Well, Your Honor, I would So did he get an opportunity or not? Maybe you don't like how much of an opportunity that's like the second question. Well, I frame it this way. The due process issue is the some evidence issue. And the some evidence standard, and that's from the Castile court I want to be sure I understand you correctly. You're saying that the some evidence issue is the due process issue? The some evidence issue falls under the due process. Yes, Your Honor. In Castile, that's what the court held. Okay, but it's important, certainly in light of Judge McEwen's question, you can join me as well, as separating these things in our minds. One is the opportunity for your client to state his piece. That's, for me, the procedural due process issue. Then you have the issue of whether the evidence that was presented either by him or by the state was sufficient to meet the some evidence standard. To me, that's a separate issue. You seem to be conflating the two. Am I missing something? No, I think they go together. You do conflate them, then. Yes, I think that the procedural due process guarantee is the overarching of which the some evidence, which is an evidentiary standard, falls under. What weight do you give to the two interviews that he had with the gang investigator? Well, they were the source of the some evidence, Your Honor. And so were they not an opportunity for him also to present his position, at least the second time around, after he knew what the gang investigator had? They possibly were. The second one, all of a sudden the defendant showed up to give him a He wasn't given an opportunity to write down his responses. I understand that there's no I have no case law to say that he's able to write down his responses. However, if you, and he tried to bring this out at trial, in the pretrial order, there's a list of eight items. It's the source. Now, at the trial, he tried to talk about the reliability of those eight items. And of those eight items, I mean, for instance, the five birthday cards, they weren't even admitted as part of the validation package. And then the tumbler that was found had the word gracious, which was, you know, thank you. And he had argument that the envelope was not an envelope addressed to a fellow gang member. It was in his notebook, and it was not part of his way he conducts his nice, neat notebook. And then the artwork. Now, Mr. Freese is a noted artist. He's, he has, it's not part of the trial record, but he sent me a lot of pictures. And I know he's a noted artist. He has his pictures for sale. And so it's extremely feasible, and he brings it out at the trial that he shares his artwork with another prisoner, inmate, who happened to be associated with. So where is all that leading? In other words, there's, I think you've conflated, as we suggested before, the procedural due process with the some evidence. But let's just say we look at it as one ball of wax. He had a chance to say his piece, although he didn't get to write it down. He disputes some of the indicia of gang validation. But then don't we ultimately come back around to was there some evidence to meet the some evidence standard? So in other words, you can have disputed evidence, and you can disagree with some of the evidence. But the question on this low standard, is there some evidence? Why isn't there some evidence to support what occurred here? Well, it's distinguishable from Castile in the Castile case. No, no, I don't want to know about another case. I want to know about this case. Yes, Your Honor. Well, there, I don't think that he got his day in court for the jury to take a look at that some evidence. But you're not answering Judge McKeon's question. He asked you specifically, you know, did he have an opportunity to present his piece, yes or no? He had an opportunity. Yes, Your Honor, he did have an opportunity. That's at the prison. You know, we're not, the trial is separate. He had an opportunity. He got that part of his procedural due process. Then he says, but I don't think the evidence was enough to put me where they did. That's his second point, right? Yes, Your Honor, there's some evidence, yes. Some evidence. So then the question is, at trial, at the time the judge granted the verdict, whether there was some evidence in the record at that point. Yes, Your Honor. And so my question was, if you say there's not some evidence, does that mean there was no evidence? I mean, what was there at the end of the case when the judge granted the? Well, he, there was very little. I think there was a gang notation on some magazines. Would that be some evidence? Well, some evidence is such a low standard. I know. I mean, that's not your fault. That's just, that's what it is. Yes, Your Honor. I think that that should have been a question for the jury to answer, whether that is some evidence or not. And that's when the summary judgment, there was still, in our position, there was still genuine issues to dispute. Yes, Your Honor.  No, Your Honor. Let me just ask this as a follow-up. Under Castro, not only do you have the some evidence issue, but whether or not the evidence for the requisite, in quotes, indicia of reliability. Is that part of your case as well? Yes. Yes, Your Honor. I think that the, that's what, that's what the jury should have held. Like in Castro, the judge didn't evaluate it, and so they didn't remand it back. Well, isn't, isn't that a judicial function to determine the reliability of evidence and whether or not something that's prejudicial should or should not be entered? Yes, Your Honor. It's a question of law. It's not a jury question, then. It's a, for the judge. It's a question of law that should, and then it should go to the jury, I believe. The evidentiary question should go to the jury? Yes, Your Honor. But doesn't the trial judge have to make the finding in order to submit the case to the jury that there's at least some evidence that could support the plaintiff's position? Yes. And if the judge found as a matter of law the evidence was insufficient, would he therefore not be justified in directing the verdict? Yes, he would be, and that's, and that's the issue here. I don't believe he was. Okay. Thank you. Thank you. Good morning. May it please the Court, I am Nisha Igra from the California Attorney General's Office and I represent Lieutenant Marshall. This appeal arises from a motion at the close of Frias's case in chief of trial on his claim that his procedural due process rights were violated in relation to his trial in California. The court granted that motion on two grounds, one of which was qualified immunity and the other was that under Rule 50 no reasonable juror could find for Mr. Frias. Now, Mr. Frias did not address the second ground in his opening brief and so that argument may have been forfeited. However, we are prepared to address it on the merits today if the court in its discretion desires to. Under Rule 50, judgment as a matter of law is present, and is properly granted if the evidence presented at trial shows that no reasonable juror could find in the non-moving party's favor. Now here, Mr. Frias presented the testimony of three witnesses, Lieutenant Marshall, Officer Shaver, and he himself testified. And the evidence that came out during Lieutenant Marshall's testimony was what sorts of evidence constitute evidence of gang activity and why, and on cross-examination exhibits showing those items used to validate Mr. Frias were admitted into evidence over no objection from Mr. Frias. And significantly, Mr. Frias' own testimony, he said, they presented me with the evidence, I commented on all of it. He also, with regard to the birthday card, said, Associate, yes. Who am I going to talk to? I'm guilty of that. So given all of this evidence, no reasonable juror could find that he was not an associate of the Mexican Mafia. Now let me be sure I understood you correctly. This was with respect to the birthday card, that he said, I'm guilty of that? What did he mean, what would he referring to? He said, Associate, yes. Who am I going to talk to? I'm guilty of that. So this is with regard to items that he had received, he says, in passing from other associates or members of the Mexican Mafia. These are things that were in his cell from associates, right? Correct. Okay. Correct. And so given this evidence, given the testimony, given the party admission that he had been shown the evidence, he had been given an opportunity to comment on all of it and admit that he associated with members of the Mexican Mafia, it was clear to any reasonable juror that his due process rights had been afforded. And the evidence had been admitted with no objection from Mr. Frias, showing that there was some evidence with indicia of reliability supporting his gang validation. And for all of these reasons, we think this Court should affirm. All right. Thank you. The case just argued, Frias v. Marshall is submitted. I do want to make special note, Mr. Kramer, and thank you for participating in the Court's pro bono program. It's always useful both to opposing counsel and to the Court to have individuals represented. So we appreciate your participation.
judges: Selna, McKeown, Smith